**FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for College Boulevard National Bank f/k/a/ Midland Bank of Overland Park, N.A., Plaintiff,**

v.

**COHEN PROPERTIES, INC., et al., Defendants.**

No. 93–2290–JWL.

United States District Court, D. Kansas.

March 17, 1994.

---

David C. Stout, Charles S. Scott, Jr., Chionuma & Associates, P.C., Kansas City, MO, for plaintiff.

Greer S. Lang, Leonard B. Rose, Rose, Brouillette & Shapiro, P.C., Kansas City, KS, for defendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

## I. Introduction

In this case, plaintiff FDIC seeks to obtain a judgment against Cohen–Esrey Properties, Inc. f/k/a Cohen Properties, Inc. (hereinafter referred to as "Cohen–Esrey") on a January 29, 1988 Promissory Note and subsequent modifications to that Note; to foreclose the Mortgage, Security Agreement and Assignment of Leases and Rents securing the same; and to obtain judgment against defendants Roger Cohen, David Lacy and William Stapp on individual payment guarantees executed in conjunction with the Note and subsequent modifications. This matter is currently before the court on defendants' motion for summary judgment on plaintiff's claims against defendants Cohen, Lacy and Stapp on their respective payment guarantees dated January 29, 1988 (Doc. # 23).[1] Because the court finds that defendants have failed to properly support their motion with facts showing they are entitled to summary judgment and, in any event, the procedural posture of the case prevents the court from analyzing the issues raised in their motion, defendants' motion for summary judgment is denied.

## II. Factual History and Procedural Background of Case

In order to understand how the parties arrived at their present posture in the case, a short review of the factual circumstances leading up to the filing of the case and the subsequent procedural developments in the case is necessary.

This action was originally filed by Midland Bank of Overland Park in the District Court of Johnson County, Kansas, on December 8, 1992. On March 21, 1993, the name of Midland Bank of Overland Park was changed to its former name of College Boulevard National Bank ("College Boulevard").

On April 2, 1993, the United States senior deputy comptroller for the bank's supervision policy found College Boulevard to be insolvent and appointed the FDIC as receiver. On that same date, the appointment was accepted by the FDIC. On June 28, 1993, by order of the District Court of Johnson County, Kansas, the FDIC was substituted as party plaintiff in the place of Midland Bank of Overland Park. In July, 1993, this case was removed from the District Court of Johnson County to this court.

The original petition filed in state court by Midland Bank of Overland Park asserted claims against defendant Cohen–Esrey for liability arising under a Promissory Note dated January 29, 1988 and subsequent modifications of that Promissory Note, and to foreclose the Mortgage, Security Agreement and Assignment of Rents securing the same. Liability was also asserted against defendants Cohen, Lacy and Stapp on individual payment guarantees executed on January 29, 1988.

This court issued a scheduling order on September 29, 1993. Pursuant to that order, any motions to amend the pleadings or to add parties were to be filed on or before October 29, 1993. That date came and went without any amended pleadings being filed by the parties. Meanwhile, discovery in the

---

1. Two other motions that are currently pending were decided by the court at a pre-trial conference held on March 13, 1994. Plaintiff's motion for leave to file first amended complaint (Doc. # 57) was granted. Defendants are instructed to file their answer to the first amended complaint on or before March 21, 1993. Plaintiff's motion to compel production of documents (Doc. # 62) was granted in the event Richard Hertel testifies at trial and denied in the event Mr. Hertel does not testify.

case continued. At a point in time after the deadline for filing amended pleadings established in the court's scheduling order had passed, the FDIC became aware that payment guarantees had been executed by defendants Cohen, Lacy and Stapp dated October 18, 1988. These new guarantees were executed concurrently with a modification of the original Promissory Note wherein the amount of indebtedness owed by Cohen–Esrey was increased to the amount of $2,100,-000.00. The FDIC subsequently located the October 18, 1988 guarantees in the file of Kent Perry, who had been the attorney for College Boulevard Bank in the loan transactions.

Following its discovery of the October 18, 1988 guarantees, the FDIC filed a motion for leave to file an amended complaint, which included a count based on the October 18, 1988 guarantees. The court took up this motion at a pre-trial conference on March 13, 1993. Following a thorough examination of the factual circumstances leading to the FDIC's filing of the motion to amend, the court determined that the FDIC should be allowed to amend their complaint pursuant to Fed.R.Civ.P. 15, and the FDIC's motion to amend was granted.

*III. Discussion*

In their motion for summary judgment, defendants contend that the FDIC's claims against defendants Cohen, Lacy and Stapp on their individual payment guarantees executed on January 29, 1988 must fail as a matter of law because on or about October 26, 1988 College Boulevard National Bank cancelled and returned to the defendants their originally executed individual payment guarantees, thereby discharging the three defendants from all liability arising under the same. In its response, the FDIC contends defendants' motion should not be granted because: (1) the affidavits of defendants attached to their summary judgment motion should be stricken; (2) there is a material question of fact as to whether all three guarantees were actually returned to defendants; (3) the defense of cancellation and release is barred by the *D'Oench Duhme* doctrine and 12 U.S.C. § 1823(e); and (4) the cancellation

and release was not effective under K.S.A. 84–3–605.

As a starting point, the court finds that defendants have failed to properly support their motion as required by D.Kan.Rule 206. The only thing contained in the statement of uncontroverted facts supporting their motion are affidavits by the three defendants wherein they each state that "[o]n or about October 26, 1988, College Boulevard National Bank cancelled my Payment Guaranty and returned the original Payment Guaranty to me." This statement by the defendants, which fails to describe in any manner the physical actions surrounding the claimed cancellation, is little more than a legal conclusion by the defendants and would not be sufficient for the court to render a judgment on defendants' motion.

In addition, even had defendants' motion been properly supported, the court does not believe it could properly render a ruling on the applicability of the January 29, 1988 guarantees at this time due to the procedural status of the case. Defendants' summary judgment motion and the FDIC's response were both filed prior to the time the court allowed the FDIC to amend its complaint to add a claim based on the October 18, 1988 guarantees. Therefore, the arguments in both parties' briefs are premised on an assumption that the January 29, 1988 guarantees are the only guarantees in the case.

The court believes that the addition of the claim based on the October 18, 1988 guarantees materially affects the arguments made by the parties in their briefs, particularly the FDIC's *D'oench Duhme* argument. For example, based on the representations made by the parties at the pre-trial conference, it appears that in fact the January 29, 1988 guarantees were replaced by the October 18, 1988 guarantees when the Promissory Note was modified. Therefore, assuming that the October 18, 1988 guarantees were validly executed, the court does not believe the FDIC could advance a *D'oench* argument against the January 29, 1988 guarantees because any cancellation of the January 29, 1988 guarantees would not tend to "diminish or defeat the interest of the Corporation in any asset," as required under *D'oench,* due to the fact

that the January guarantees would be fully encompassed by the October guarantees. If, on the other hand, the defendants were to advance a defense in their answer to the first amended complaint that the October guarantees never became effective, the FDIC could possibly pursue a *D'oench* argument.[2]

The court does not believe that the FDIC can pursue claims on both the January 29, 1988 guarantees and the October 18, 1988 guarantees. Either the October guarantees effectively replaced the January guarantees, thereby eliminating the January guarantees, or the October guarantees were ineffective.[3] The court believes that the FDIC has been placed in the position of pursuing both guarantees due to the late discovery of the October guarantees. Following defendants' answer to plaintiff's amended complaint, the FDIC may need to take a look at what claims should properly be pursued.

*IV. Conclusion*

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** defendants' motion for summary judgment (Doc. # 23) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's motion for leave to file first amended complaint (Doc. # 57) is granted. Defendants shall file their answer to the first amended complaint on or before March 21, 1993.

**IT IS FURTHER ORDERED THAT** plaintiff's motion to compel production of documents (Doc. # 62) is granted in the event Richard Hertel testifies at trial. In the event Mr. Hertel does not testify, the motion is denied.

**IT IS SO ORDERED.**

---

**2.** The court does not find it necessary to rule on the effectiveness of such an argument by the FDIC at this time.

**3.** The court does not preclude a contrary finding, however, if the FDIC shows the court appropriate authority in connection with a motion filed before the dispositive motion deadline.